1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7          FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9    EDWARD TERRAN FURNACE,              )    No. C 06-6627 MMC (PR)
                                         )
10              Plaintiff,               )    **ORDER DENYING**
                                         )    **MOTION FOR**
11        v.                             )    **RECONSIDERATION**
                                         )
12   PAUL SULLIVAN, et al.,              )
                                         )
13              Defendants.              )    (Docket No. 6)
     _____ )

14          Plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights

15   action on October 24, 2006.  That same date, he was instructed either to pay the filing fee or

16   submit a completed court-approved in forma pauperis ("IFP") application within 30 days.  On

17   January 4, 2007, the action was dismissed because plaintiff had neither paid the filing fee nor

18   submitted the completed IFP application.  Now before the Court is plaintiff's motion,

19   pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, for

20   reconsideration of the dismissal.

21          Motions for reconsideration should not be frequently made or freely granted; they are

22   not a substitute for appeal or a means of attacking some perceived error of the court.  See

23   Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).  In

24   particular, a motion for reconsideration under Rule 59(e) "'should not be granted, absent

25   highly unusual circumstances, unless the district court is presented with newly discovered

26   evidence, committed clear error, or if there is an intervening change in the law.'"  McDowell

27   v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).  Rule 60(b) of

28   the Federal Rules of Civil Procedure provides for reconsideration where one or more of the

**United States District Court**
For the Northern District of California

following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); <u>School Dist. 1J v. ACandS Inc.</u>, 5 F.3d 1255, 1263 (9th Cir.1993).  Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief.  <u>See Twentieth Century - Fox Film Corp. v. Dunnahoo</u>, 637 F.2d 1338, 1341 (9th Cir. 1981).

With respect to Rule 59(e), plaintiff has not shown there is newly discovered evidence, that the Court committed clear error, or that there has been an intervening change in the law such as to warrant reconsideration thereunder.  With respect to Rule 60(b), plaintiff fails to allege the provision of such rule under which reconsideration is warranted; he alleges no new evidence that could not have been discovered with due diligence, no mistake, inadvertence, surprise or excusable neglect, no fraud by the adverse party, and no voiding of the judgment.  Plaintiff does not provide any other reason justifying relief.  Rather, plaintiff states that a completed IFP application was submitted.

A review of the docket and the Clerk's file reveals a single IFP application, filed November 7, 2006.  As the Court explained in its order of dismissal, such application was incomplete in that it did not include a trust account statement or a completed and signed certificate of funds, contrary to the Court's instructions.  As an exhibit to the instant motion, plaintiff attaches a certificate of funds signed and dated by a prison official on November 2, 2006, as well as a trust account statement also dated November 2, 2006.  Said documents were not previously submitted to the Court, however.  Plaintiff states he has "no idea" why prison officials did not mail the documents to the Court.  He indicates, however, that he was provided copies of the documents at or near the time they were completed, and he offers no explanation for his failure to mail them to the court earlier.

As plaintiff has not shown he either paid the filing fee or submitted a completed IFP

United States District Court
For the Northern District of California

1    application within 30 days of his filing this action,[1] as he was ordered to do, there is no basis

2    for reconsideration of the dismissal.  The Court notes, however, that the dismissal was

3    without prejudice; in other words, plaintiff may file a new action in which he either timely

4    submits a completed IFP application or pays the filing fee.

5         Accordingly, the motion for reconsideration is hereby DENIED.

6         This order terminates Docket No. 6.

7         IT IS SO ORDERED.

8    DATED: June 22, 2007

9    MAXINE M. CHESNEY
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    _____

      [1]Recently, on June 16, 2007, plaintiff filed a certificate of funds and trust account
28    statement.  Such documents do not warrant reconsideration, as they were filed nearly seven
      months after the deadline.